FILED
2014 Jan-23  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL QUEKEMEYER,** | * | |
| **Plaintiff,** | * | |
| v. | | Civil Action No. |
| | * | |
| **EFinancial, LLC,** | | **PLAINTIFF DEMANDS TRIAL** |
| | * | **BY STRUCK JURY.** |
| **Defendant.** | * | |

## COMPLAINT

This case arises from the intentional and repeated efforts of Defendant to market its services in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. (hereinafter referred to as the "TCPA") by utilizing an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), after Plaintiff had revoked the prior express written consent to receive such telemarketing calls, and Defendant acknowledged such revocation.  Due to the intentional actions of Defendant, Plaintiff, by and through undersigned counsel, now comes to this Honorable Court seeking injunctive relief, a judgment against Defendant in an amount equal to the statutory damages set forth in the TCPA, the costs incurred in this action, and for such other, further and different relief to which Plaintiff may be entitled under the circumstances.  As more specific grounds therefore, Plaintiff offers unto this Honorable Court as follows:

# I.

# PARTIES

## PLAINTIFF

1. Plaintiff, Daniel Quekemeyer (herein after referred to as "Plaintiff"), is a natural person who is a resident of Shelby County, Alabama, and is in excess of 19 years of age.

2. Plaintiff is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

## DEFENDANT

3. Defendant, EFinancial, LLC (herein after referred to as "Defendant"), is a foreign corporation incorporated in Washington, with its principal place of business in Bellevue, Washington. Defendant does business in Alabama.

4. Defendant is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

# II.

## JURISDICTION AND VENUE

5. This action is brought under Federal Law; thus the Court has Federal Question jurisdiction pursuant to 47 U.S.C. §227 *et seq.* Further, this action is brought due to actions Defendant, a foreign corporation that does business in

Alabama, took against Plaintiff, a resident of Alabama, and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. Venue is proper in this Court because Defendant carried out the acts complained of by Plaintiff in Shelby County, Alabama. At all relevant times, Defendant placed calls to Plaintiff in Shelby County, Alabama.

### III.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §227

7. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

8. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automatic telephone dialing systems (hereinafter referred to as an "ATDS"), or "autodialers."

10. Specifically, the plane language of §227 (b)(1)(A)(iii) prohibits the use of an ATDS to make any call to a wireless number, other than a call made for emergency purposes, in the absence of prior express consent.

11. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 *et seq.*

3

because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.   On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded messages to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[2] Further, regulations effective October 16, 2013, require that "prior express *written* consent" be obtained before placing telemarketing calls to cellular telephones using an automatic telephone dialing system (ATDS). 47 C.F.R. §64.1200(a)(2), *emphasis added*.

13.   Just as a consumer may grant his consent to receive telemarketing calls placed by an ATDS to a cellular telephone, so may a consumer revoke such consent.

14.   The TCPA provides a private right of action for violations whereby an aggrieved party may be awarded, in addition to injunctive relief, the greater of actual damages or statutory damages in the amount of $500 for each violation (and up-to $1,500 for each call placed in violation of the statue intentionally, willfully and/or knowingly).

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 564-65 (¶ 10), 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

## IV.

## PLAINTIFF'S FACTUAL ALLEGATIONS

## <u>AND CAUSE OF ACTION FOR VIOLATIONS OF THE TCPA</u>

15. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

16. Plaintiff has a cellular telephone number that he has used for many years. Plaintiff has only used this number as a cellular telephone number, and Plaintiff's cellular number has not been ported from a wireline service.

17. Plaintiff, on or about November 10, 2013, submitted his name, address, and his cell phone number to www.usinsuranceonline.com.

18. To the best of Plaintiff's recollection, knowledge, and information, at the time he submitted his name, address and cell phone number, www.usinsuranceonline.com provided the following disclosure:

> By clicking "Get My Quotes" I provide my signature, expressly authorizing up to eight insurance companies[3] or their agents or partner companies to contact me at the number and address provided with insurance quotes or to obtain additional information for such purpose, via live, prerecorded or

---

[3] Defendant is not listed as one of the insurance companies in the link imbedded in the subject disclosure. The insurance companies disclosed by www.usinsuranceonline.com are: 21st Century Insurance, AAA Insurance Co., Allied, Allstate Insurance, American Family Insurance, American National Insurance, Amica Insurance, Answer Financial, Cotton States Insurance, Country Financial, Erie Insurance Company, Esurance, Farm Bureau, Farmers Insurance, GEICO, GMAC Insurance, Infinity Insurance, Liberty Mutual Insurance Company, Mercury, Metropolitan Insurance Co., Nationwide, Progressive Insurance, QuoteWhiz, LLC, Sentry Insurance Company, SAFECO, Shelter Insurance Company, State Farm, The Hartford, The Hartford AARP, Travelers Insurance Company, Unitrin Direct, USAA, USInsuranceOnline.

autodialed calls, text messages or email. I understand that my signature is not a condition of purchasing any property, goods or services and that I may revoke my consent at any time.

19. Upon information and belief, www.usinsuranceonline.com provided Plaintiff's contact information to Defendant.

20. Defendant, on or about November 22, 2013, began placing calls to Plaintiff's cellular number. Plaintiff's caller-id indicated that the call was placed from (866) 509-5045.

21. As evidenced by the tell-tale pause before an operator begins to speak, the telephone calls placed to Plaintiff's cellular telephone were made by Defendant using an ATDS, as defined in 47 U.S.C. §227(a)(1). The factual allegations of this paragraph are likely to have more evidentiary support after Plaintiff has been granted a reasonable opportunity to conduct further investigation and discovery.

22. The telephone calls placed to Plaintiff's cellular telephone were not made for "emergency purposes," as defined in 47 C.F.R. §64.1200.

23. The telephone calls placed to Plaintiff's cellular telephone were made by Defendant (using an ATDS) as a "telemarketing call" or "telephone solicitation," as defined in 47 U.S.C. § 227(a)(4).

24. After receiving autodialed telemarketing calls to his cellular telephone from Defendant nine (9) times in six (6) days, Plaintiff, on Wednesday, November 27, 2013 12:39 p.m., contacted Defendant via email and revoked his consent for

his cellular telephone to be contacted by Defendant using an ATDS for purposes of telephone solicitation. Specifically, Defendant stated:

> To whom it may concern.
>
> I am receiving multiple calls a day and have received as many as 5 calls per day. I do not receive any voicemails associated with the calls so I do not know why I am receiving calls from your company.
>
> <u>Calls date and times:</u>
>
> 11/22 1:12 PM
>
> 11/25 10:22 AM, 12:44 PM, 3:56 PM
>
> 11/27 8:50 AM, 10:13 AM, 10:57 AM, 1:13 PM, 2:11 PM (as of the time of this email 2:28 PM)
>
> This is an official written request to **do not call** this number (Plaintiff's cell number redacted) anymore. I am not interested in your product and if, at one time, I was interested I am certainly not interested any longer. I certainly would not patronize a company that treats potential customers with such disrespect.
>
> If I continue to receive calls after tomorrow I will file a complaint with my state attorney.
>
> Daniel

25.     Plaintiff's request was acknowledged by Defendant on Monday, December 2, 2013 at 12:37 p.m. by Kathleen Rowell, Defendant's Vice President - Operations. Further, Ms. Rowell informed Plaintiff that his name had been added to Defendant's Do-Not-Call List.

26. Despite Plaintiff's revocation of consent for his cellular telephone to be contacted by Defendant using an ATDS for purposes of telephone solicitation, and Defendant's specific acknowledgment of Plaintiff's revocation, Defendant has continued to place telemarketing calls to Plaintiff's cellular telephone using an ATDS.

27. All of the 183 telemarketing calls placed to Plaintiff's cellular telephone using an ATDS since Monday, December 2, 2013 at 12:37 p.m. (the date and time Defendant acknowledged Plaintiff's revocation) have been made intentionally, without Plaintiff's prior express written consent, and in plain violation of the TCPA. Specifically, Defendant placed telemarketing calls to Plaintiff's cellular telephone number on the following dates and times:

| Calls since stop request | Date | Number | Time |
|---|---|---|---|
| 1 | 3-Dec | 8665095045 | 14:14 |
| 2 | 4-Dec | 8665095045 | 9:19 |
| 3 | | 8665095045 | 10:21 |
| 4 | | 8665095045 | 12:25 |
| 5 | | 8665095045 | 14:24 |
| 6 | | 8665095045 | 15:50 |
| 7 | | 8665095045 | 16:31 |
| 8 | 5-Dec | 8665095045 | 8:43 |
| 9 | | 8665095045 | 10:36 |
| 10 | | 8665095045 | 10:46 |
| 11 | | 8665095045 | 11:15 |
| 12 | 6-Dec | 8665095045 | 16:51 |
| 13 | 10-Dec | 8665095045 | 13:02 |

| | | | |
|---|---|---|---|
| 14 | | 8665095045 | 14:03 |
| 15 | | 8665095045 | 14:26 |
| 16 | | 8665095045 | 14:29 |
| 17 | | 8665095045 | 15:00 |
| 18 | | 8665095045 | 15:46 |
| 19 | | 8665095045 | 15:50 |
| 20 | | 8665095045 | 16:19 |
| 21 | | 8665095045 | 16:26 |
| 22 | 11-Dec | 8665095045 | 8:03 |
| 23 | | 8665095045 | 8:07 |
| 24 | | 8665095045 | 8:22 |
| 25 | | 8665095045 | 9:10 |
| 26 | | 8665095045 | 9:14 |
| 27 | | 8665095045 | 9:28 |
| 28 | | 8665095045 | 10:21 |
| 29 | | 8665095045 | 10:25 |
| 30 | | 8665095045 | 11:07 |
| 31 | | 8665095045 | 11:12 |
| 32 | | 8665095045 | 13:32 |
| 33 | | 8665095045 | 13:48 |
| 34 | 12-Dec | 8665095045 | 8:29 |
| 35 | | 8665095045 | 8:34 |
| 36 | | 8665095045 | 9:18 |
| 37 | | 8665095045 | 9:35 |
| 38 | | 8665095045 | 10:29 |
| 39 | | 8665095045 | 10:53 |
| 40 | | 8665095045 | 12:04 |
| 41 | | 8665095045 | 14:03 |
| 42 | | 8665095045 | 14:08 |
| 43 | | 8665095045 | 14:54 |
| 44 | | 8665095045 | 14:59 |
| 45 | | 8665095045 | 15:36 |
| 46 | | 8665095045 | 16:02 |
| 47 | 13-Dec | 8665095045 | 8:08 |
| 48 | | 8665095045 | 8:33 |
| 49 | | 8665095045 | 8:47 |
| 50 | | 8665095045 | 9:26 |
| 51 | | 8665095045 | 9:40 |
| 52 | | 8665095045 | 10:31 |

| | | | |
|---|---|---|---|
| 53 | | 8665095045 | 10:46 |
| 54 | | 8665095045 | 11:13 |
| 55 | | 8665095045 | 11:45 |
| 56 | | 8665095045 | 12:41 |
| 57 | | 8665095045 | 13:06 |
| 58 | | 8665095045 | 14:08 |
| 59 | | 8665095045 | 14:23 |
| 60 | | 8665095045 | 15:57 |
| 61 | | 8665095045 | 16:17 |
| 62 | 16-Dec | 8665095045 | 8:35 |
| 63 | | 8665095045 | 9:25 |
| 64 | | 8665095045 | 9:31 |
| 65 | | 8665095045 | 11:14 |
| 66 | | 8665095045 | 11:37 |
| 67 | | 8665095045 | 13:21 |
| 68 | | 8665095045 | 13:25 |
| 69 | | 8665095045 | 14:36 |
| 70 | | 8665095045 | 14:40 |
| 71 | | 8665095045 | 17:26 |
| 72 | | 8665095045 | 17:17 |
| 73 | 17-Dec | 8665095045 | 8:25 |
| 74 | | 8665095045 | 8:19 |
| 75 | | 8665095045 | 10:57 |
| 76 | | 8665095045 | 11:01 |
| 77 | | 8665095045 | 13:05 |
| 78 | | 8665095045 | 13:10 |
| 79 | | 8665095045 | 14:21 |
| 80 | | 8665095045 | 14:24 |
| 81 | | 8665095045 | 16:32 |
| 82 | | 8665095045 | 18:42 |
| 83 | | 8665095045 | 18:49 |
| 84 | 18-Dec | 8665095045 | 8:23 |
| 85 | | 8665095045 | 9:11 |
| 86 | | 8665095045 | 10:47 |
| 87 | | 8665095045 | 11:33 |
| 88 | | 8665095045 | 13:52 |
| 89 | | 8665095045 | 13:56 |
| 90 | | 8665095045 | 15:41 |
| 91 | | 8665095045 | 15:45 |

| | | | |
|---|---|---|---|
| 92 | | 8665095045 | 17:00 |
| 93 | 19-Dec | 8665095045 | 8:15 |
| 94 | | 8665095045 | 8:20 |
| 95 | | 8665095045 | 10:32 |
| 96 | | 8665095045 | 10:37 |
| 97 | | 8665095045 | 11:49 |
| 98 | | 8665095045 | 11:51 |
| 99 | | 8665095045 | 12:33 |
| 100 | | 8665095045 | 13:55 |
| 101 | | 8665095045 | 14:59 |
| 102 | | 8665095045 | 15:00 |
| 103 | | 8665095045 | 15:08 |
| 104 | | 8665095045 | 15:47 |
| 105 | | 8665095045 | 19:09 |
| 106 | | 8665095045 | 19:14 |
| 107 | | 8665095045 | 19:29 |
| 108 | 20-Dec | 8665095045 | 8:21 |
| 109 | | 8665095045 | 9:22 |
| 110 | | 8665095045 | 9:25 |
| 111 | | 8665095045 | 11:12 |
| 112 | | 8665095045 | 11:15 |
| 113 | | 8665095045 | 12:56 |
| 114 | | 8665095045 | 14:20 |
| 115 | | 8665095045 | 15:44 |
| 116 | | 8665095045 | 15:48 |
| 117 | 23-Dec | 8665095045 | 8:02 |
| 118 | | 8665095045 | 8:09 |
| 119 | | 8665095045 | 8:33 |
| 120 | | 8665095045 | 8:40 |
| 121 | | 8665095045 | 8:45 |
| 122 | | 8665095045 | 12:29 |
| 123 | | 8665095045 | 13:57 |
| 124 | | 8665095045 | 14:38 |
| 125 | | 8665095045 | 14:59 |
| 126 | | 8665095045 | 15:21 |
| 127 | | 8665095045 | 15:25 |
| 128 | | 8665095045 | 15:43 |
| 129 | | 8665095045 | 15:56 |
| 130 | | 8665095045 | 16:09 |

| | | | |
|---|---|---|---|
| 131 | | 8665095045 | 16:11 |
| 132 | | 8665095045 | 16:21 |
| 133 | | 8665095045 | 16:28 |
| 134 | | 8665095045 | 19:51 |
| 135 | | 8665095045 | 19:56 |
| 136 | 26-Dec | 8665095045 | 9:46 |
| 137 | | 8665095045 | 11:32 |
| 138 | | 8665095045 | 12:58 |
| 139 | | 8665095045 | 12:58 |
| 140 | | 8665095045 | 13:17 |
| 141 | | 8665095045 | 16:01 |
| 142 | | 8665095045 | 16:04 |
| 143 | | 8665095045 | 17:09 |
| 144 | | 8665095045 | 17:13 |
| 145 | | 8665095045 | 19:03 |
| 146 | | 8665095045 | 19:07 |
| 147 | 27-Dec | 8665095045 | 8:32 |
| 148 | | 8665095045 | 8:34 |
| 149 | | 8665095045 | 9:32 |
| 150 | | 8665095045 | 9:48 |
| 151 | | 8665095045 | 15:34 |
| 152 | | 8665095045 | 16:06 |
| 153 | | 8665095045 | 16:44 |
| 154 | 30-Dec | 8665095045 | 8:58 |
| 155 | | 8665095045 | 12:40 |
| 156 | | 8665095045 | 12:44 |
| 157 | | 8665095045 | 14:27 |
| 158 | | 8665095045 | 14:29 |
| 159 | | 8665095045 | 16:42 |
| 160 | | 8665095045 | 19:09 |
| 161 | 2-Jan | 8665095045 | 8:00 |
| 162 | | 8665095045 | 8:35 |
| 163 | | 8665095045 | 9:43 |
| 164 | | 8665095045 | 11:37 |
| 165 | | 8665095045 | 13:09 |
| 166 | | 8665095045 | 14:11 |
| 167 | | 8665095045 | 15:15 |
| 168 | | 8665095045 | 15:20 |
| 169 | | 8665095045 | 17:04 |

| | | | |
|---|---|---|---|
| 170 | | 8665095045 | 17:09 |
| 171 | 3-Jan | 8665095045 | 8:31 |
| 172 | | 8665095045 | 8:47 |
| 173 | | 8665095045 | 9:18 |
| 174 | | 8665095045 | 10:51 |
| 175 | | 8665095045 | 11:58 |
| 176 | 6-Jan | 8665095045 | 8:58 |
| 177 | | 8665095045 | 19:15 |
| 178 | 9-Jan | 8665095045 | 9:45 |
| 179 | | 8665095045 | 11:31 |
| 180 | | 8665095045 | 13:13 |
| 181 | | 8665095045 | 19:11 |
| 182 | 10-Jan | 8665095045 | 11:13 |
| 183 | | 8665095045 | 13:51 |

28.     As a result of Defendant's conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the 183 telemarketing calls placed to Plaintiff's cellular telephone using an ATDS since Monday, December 2, 2013 at 12:37 p.m. (the date and time Defendant acknowledged Plaintiff's revocation).

29.     Further, because each of the 183 telemarketing calls placed to Plaintiff's cellular telephone using an ATDS since Monday, December 2, 2013 at 12:37 p.m. (the date and time Defendant acknowledged Plaintiff's revocation) were made intentionally, willfully and/or knowingly by Defendant, an award of statutory damages of may be increased to as much as $1,500.00 for each of the subject 183 telemarketing calls.

30. Finally, Plaintiff is entitled to injunctive relief to prohibit further telemarketing calls being placed to his cellular telephone by Defendant using an ATDS.

WHEREFORE, the premises considered, Plaintiff prays that this Honorable Court permanently enjoin Defendant from placing telemarketing calls to Plaintiff's cellular telephone using an ATDS in violation of the TCPA, and enter judgment finding Defendant liable to Plaintiff for statutory damages, in accordance with 47 U.S.C. § 227(b)(3), in the amount of $500.00 to $1,500.00 for each telemarketing call placed to Plaintiff's cellular telephone by Defendant in violation of the TCPA, plus the costs incurred in this action; and for such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper.

V.

**JURY DEMAND**

Due to the intentional and premeditated actions of Defendant, Plaintiff has come to this Honorable Court and demanded judgment against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, plus interest, the costs incurred in this action, and for such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper. In order to fairly determine the validity of the facts set forth herein and

determine the amounts due Plaintiff from Defendant, Plaintiff hereby **DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ John G. Watts*
_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PENDING ADMISSION**
**John R. Cox (ASB-2002-O63C)**
JRC Legal
9786-A Timber Circle
Spanish Fort, Alabama 36527
251.517.4753
jrc@jrcoxlaw.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

*/s/ John Watts*
_____
**Attorney for Plaintiff**

15

**Defendant to be served via certified mail as follows:**

EFinancial, LLC
c/o National Registered Agents, Inc.,
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104